NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNIE J. PEREZ, | No. 20-15773 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02737-MTL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 3, 2021[**]
Submission Vacated March 9, 2021
Resubmitted January 14, 2022
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

During the pendency of this appeal, we issued our opinion in *Larson v. Saul*, 967 F.3d 914 (9th Cir. 2020). Joining the Sixth, Tenth, and Eleventh Circuits, we held that the uniformed services exception to the Windfall Elimination Provision ("WEP") of 42 U.S.C. § 415(a)(7) does not apply to the Civil Service Retirement System ("CSRS") pensions of dual-status technicians of the National Guard. *Id.* at 921, 926; *see Babcock v. Comm'r of Social Sec.*, 959 F.3d 210 (6th Cir. 2020), *Kientz v. Comm'r, SSA*, 954 F.3d 1277 (10th Cir. 2020), *Martin v. Social Sec. Admin., Comm'r*, 903 F.3d 1154 (11th Cir. 2018).

We held this case in abeyance pending the Supreme Court's review of *Babcock*. The Supreme Court has recently affirmed the Sixth Circuit, holding that "civil-service pension payments fall outside the Social Security Act's uniformed-services exception because they are based on service in [a] civilian capacity." *Babcock v. Kijazaki*, 20-480, 2022 WL 119605, at *5 (Jan. 13, 2022). As a result, Appellant, as a dual-status technician of the National Guard, is subject to the WEP and the resulting reduction of his pension payment. *See id.*

The district court is **AFFIRMED**.